IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CEDARWOOD VENTURES, INC.,

     *Plaintiff*,

     v.

CELLCO PARTNERSHIP DBA VERIZON WIRELESS,

     *Defendant*.

Case No. 1:26-cv-1204

Jury Demand

## **ORIGINAL COMPLAINT**

Plaintiff Cedarwood Ventures, Inc., ("Cedarwood") files this complaint for patent infringement against Defendant Cellco Partnership dba Verizon Wireless ("Verizon") and hereby alleges as follows:

### **NATURE OF THE CASE**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

### **THE PARTIES**

2. Cedarwood is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business at 1912 Capital Ave., Suite 500, Cheyene, Wyoming 82001.

3. Upon information and belief, Verizon is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at One Verizon Way, Basking Ridge, NJ 07920. Cellco may be served through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

4.      Upon information and belief, Verizon has been registered to business in the State of Texas since 1980.

5.      Upon information and belief, Verizon has a regular and established place of business within the Western District of Texas at its company store located at 1011 East 5th Street, Suite 140, Austin, Texas 78702, amongst others.

**JURISDICTION AND VENUE**

6.      This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq*.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court may properly exercise personal jurisdiction over Verizon because Verizon has committed specific acts within the Western District of Texas giving rise to this action and/or has established minimum contacts with this Western District of Texas such that the exercise of jurisdiction over Verizon would not offend traditional notions of fair play and substantial justice. For example, Verizon, directly and through subsidiaries or intermediaries (including distributors, resellers, and others), has committed and continues to commit acts of patent infringement in the Western District of Texas, by, among other things, using, offering to sell, selling, and/or importing products and services that infringe the Asserted Patents, as defined herein, including mobile device sold by Verizon running Android 4.2 and later or iOS 7 and later.

9.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1400(b), as Verizon has committed acts of infringement in the Western District of Texas and has a regular and established place of business in the Western District of Texas.

**THE TECHNOLOGY OF THE ASSERTED PATENTS**

10. Since the invention of the first telephone answering machine, electronic systems that produce automated response messages to various incoming telephone calls, email, text messages, and other forms of electronic communication have become common.

11. Such automated response systems are particularly useful for smartphones or other handheld computerized devices that are also connected to various communications networks (*e.g.*, cellular networks, Internet, telephone lines, and the like). This is particularly important because often incoming messages may come at an inconvenient time, such as while the smartphone user is driving, in a conference, trying to get some quiet personal time, or other similar situation.

12. As smartphone use has proliferated and invaded almost every aspect of life, cell phone based distracted driving has become a major safety problem. According to the National Highway Traffic Safety Administration ("NHTSA"), texting while driving is the most alarming distraction. Sending or reading a text while driving takes the drivers eyes off the road for five seconds. At 55 mph, that is akin to driving the length of an entire football field with your eyes closed. Using a cell phone while driving creates enormous potential for deaths and injuries on the roads. In 2023, 3,275 people were killed in motor vehicle crashes involving distracted drivers.[1]

13. Although states and countries have responded by passing various types of no-texting while driving laws, these laws are difficult to enforce because often texting while driving is invisible to outside viewers.

14. United States Patent Nos. 9,979,826 ("'826 Patent"), 10,841,248 ("'248 Patent"), and 11,516,643 ("'643 Patent") (collectively, "Asserted Patents"), offer a solution to these problems. The Asserted Patents are attached hereto as Exhibits A-C, respectively.

---

[1] https://www.nhtsa.gov/risky-driving/distracted-driving

15. For example, the Asserted Patents are directed to software and computer processor implemented systems and methods of providing customized automated responses to different types of incoming electronic messages from various contact sources, particularly useful for preventing distracted driving. *Id.* at Abstract.

16. The Asserted Patents are part of the same patent family originally stemming from provisional application no. 61/825,017, filed on May 18, 2013. *Id.*

17. The Asserted Patents are all entitled "Connection Specific Selection of Automated Response Messages." *Id.*

18. The Asserted Patents all name Loralee Hajdu and Oliver Hajdu of North Vancouver, Canada as inventors. *Id.*

19. The '826 Patent was duly issued on May 22, 2018 and remains valid and enforceable. Exhibit A.

20. The '826 Patent comprises a total of 19 claims all directed to a handheld computerized device with reply software configured to respond to incoming cellular messages when connected to a Bluetooth peripheral device by sending an automatic reply message, among other things. *Id.*

21. The '248 Patent was duly issued on November 17, 2020 and remains valid and enforceable. Exhibit B.

22. The '248 Patent comprises a total of 22 claims all directed to either a method of using peripheral connection status to select between at one response replies to data on a handheld computerized device or a handheld computerized device with reply software configured to use a peripheral linked automatic reply to respond to an incoming message, among other things. *Id.*

23. The '643 Patent was duly issued on November 29, 2022 and remains valid and enforceable. Exhibit C.

24. The '643 Patent comprises a total of 19 claims all directed to a handheld computerized device with reply software configured to respond to an incoming cellular message when connected to a Bluetooth peripheral device by sending an automatic reply message, among other things. *Id.*

25. Fig. 1 of the Asserted Patents, reproduced below, shows an exemplary schematic overview of the inventions.



Figure 1

26. Cedarwood is the sole owner of all rights, title, and interest in and to the Asserted Patents, including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the Asserted Patents.

27. The Asserted Patents enjoy a statutory presumption of validity.

28. The Asserted Patents and related patents from the same family as the Asserted Patents have seen repeated forward citations. For example, the '826 Patent was cited by patent applications to Toyota, Blackberry, Hyundai, and IBM. Similarly, the '248 Patent was cited by patent applications to LG Electronics and Hyundai, while the '643 was cited by patent applications to Hyundai. United States Patent No. 9,432,499, a related but not currently asserted patent, was cited by at least *119* patent applications filed by Apple. Similarly, United States Patent No. 11,297,014, another related but not currently asserted patent, was cited by patent applications to Apple, Google, and Samsung.

29. The inventors of the Asserted Patents further developed an application for Android devices, called Text Deflector, that practices the Asserted Patents.[2] Text Deflector automatically responds to your incoming texts while you're driving and does it safely, with no user input. Text Deflector works by sensing and linking to your in-car handsfree device (Bluetooth, wired headset, etc.) and automatically responds with no user input to any incoming texts, notifying the sender that the driver is unavailable.

## THE ACCUSED PRODUCTS

30. Verizon uses, sells, offers for sale, and/or imports into the United States the handheld computerized devices listed below that infringe various claims of the Asserted Patents ("Accused Products").

---

[2] https://textdeflector.com/

31.     For example, the Accused Products include, but are not limited to, all mobile devices sold by Verizon with the Verizon Messages App aka Message+ with Driving Mode Auto-Reply, which operate in an identical manner in terms of infringement.

32.     If Driving Mode is enabled, incoming notifications within the Verizon Messages (Message+) app on the users Android or Apple smartphone are muted and an automatic reply can be sent to the message sender.

33.     Driving Mode can further automatically be triggered when connected to a vehicular Bluetooth device.

34.     The user can further customize and save the auto-reply message.





## CLAIM I: INFRINGEMENT OF THE '826 PATENT

35. Cedarwood hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

36. Pursuant to 35 U.S.C. §§ 271(a), Verizon has previously and continues to directly infringe at least exemplary claim 6 of the '826 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products.

37. Upon information and belief, the Accused Products are a handheld computerized device, comprising: at least one processor, Bluetooth transceiver, graphical user interface, handheld computerized device memory, at least one wireless cellular network transceiver, and reply software; said handheld computerized device further comprising any of a smartphone or tablet computer device; said handheld computerized device configured to individually identify at least one Bluetooth peripheral device having a Bluetooth peripheral device identification code when said at least one Bluetooth peripheral device is Bluetooth connected to said handheld computerized device; said reply software, said graphical user interface, and said at least one processor configured to assign at least one Bluetooth peripheral device linked automatic reply to at least one Bluetooth peripheral device identification code, and store said at least one Bluetooth peripheral device linked automatic reply in said handheld computerized device memory; said handheld computerized device and said reply software configured so that when said at least one Bluetooth peripheral device is Bluetooth connected to said handheld computerized device, said reply software determines said at least one Bluetooth peripheral device identification code, said Bluetooth peripheral device's identification code not being a telephone number, and uses said at least one Bluetooth peripheral device identification code to select and retrieve at least one Bluetooth peripheral linked automatic reply from said at least one Bluetooth peripheral device

linked automatic replies from said handheld computerized device memory; and said handheld computerized device and said reply software configured to use a selected and retrieved at least one peripheral connection linked automatic reply to automatically respond to an incoming message obtained from said at least one wireless cellular network transceiver. An exemplary claim chart is attached hereto as Exhibit D.

38. Verizon has had actual notice of the '826 Patent and the infringement alleged herein since at least the filing of this action.

39. Verizon is liable for infringement of the '826 Patent and Verizon's infringement has been and continues to be willful in nature since at least the filing of this action.

40. Cedarwood has incurred and will continue to incur substantial damages, including monetary damages as a result of the infringement of the '826 Patent.

41. Cedarwood further has been and continues to be irreparably harmed by Verizon's infringement of the '826 Patent.

42. Therefore, Cedarwood is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

**CLAIM II: INFRINGEMENT OF THE '248 PATENT**

43. Cedarwood hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44. Pursuant to 35 U.S.C. §§ 271(a), Verizon has previously and continues to directly infringe at least exemplary claim 16 of the '248 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products.

45.     Furthermore, Verizon has previously and continues to directly infringe at least exemplary claim 1 of the '248 Patent by actually practicing themselves or by inducing others to practice the claimed methods of the '248 Patent via the use of the Accused Products.

46.     Upon information and belief, the Accused Products are a handheld computerized device, comprising: at least one processor, handheld computerized device memory, at least one wireless cellular network transceiver, and reply software; said handheld computerized device configured to individually identify at least one peripheral device having a peripheral device identification code as a result of determining a status of said at least one peripheral device connection to said handheld computerized device; said reply software, and said at least one processor configured to assign at least one peripheral device linked automatic reply to at least one peripheral device identification code, and store said at least one peripheral device linked automatic reply in said handheld computerized device memory; said handheld computerized device and said reply software configured so that when said at least one peripheral device is connected to said handheld computerized device, said reply software determines said at least one peripheral device identification code, said peripheral device's identification code not being a telephone number, and uses said at least one peripheral device identification code to select and retrieve at least one peripheral linked automatic reply from said at least one peripheral device linked automatic replies from said handheld computerized device memory; and said handheld computerized device and said reply software are configured to use an automatically selected and retrieved at least one peripheral connection linked automatic reply to respond to an incoming message obtained from said at least one wireless cellular network transceiver; and wherein said peripheral device is different from a device transmitting said incoming message. An exemplary claim chart is attached hereto as Exhibit E.

47.     Verizon has had actual notice of the '248 Patent and the infringement alleged herein since at least the filing of this action.

48.     Verizon is liable for infringement of the '248 Patent and Verizon's infringement has been and continues to be willful in nature since at least the filing of this action.

49.     Cedarwood has incurred and will continue to incur substantial damages, including monetary damages as a result of the infringement of the '248 Patent.

50.     Cedarwood further has been and continues to be irreparably harmed by Verizon's infringement of the '248 Patent.

51.     Therefore, Cedarwood is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## CLAIM III: INFRINGEMENT OF THE '643 PATENT

52.     Cedarwood hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53.     Pursuant to 35 U.S.C. §§ 271(a), Verizon has previously and continues to directly infringe at least exemplary claim 1 of the '643 Patent by making, using, selling, offering to sell, and/or importing into the United States the Accused Products.

54.     Upon information and belief, the Accused Products are a handheld computerized device, comprising: at least one of each of a processor, memory, wireless cellular network transceiver, Bluetooth transceiver, and reply software; said handheld computerized device configured to wirelessly receive an IEEE 802.15 standard Bluetooth peripheral device identification code from a Bluetooth peripheral device wirelessly connected to said handheld computerized device; said handheld computerized device configured to analyze said IEEE 802.15

standard Bluetooth peripheral device identification code to determine that said Bluetooth peripheral device is a vehicle associated Bluetooth peripheral device; said handheld computerized device including at least one automatic reply message stored in said memory; said handheld computerized device and said reply software configured so that, while said vehicle associated Bluetooth peripheral device is connected to said handheld computerized device, said reply software will respond to at least one type of incoming cellular network message by sending an automatic reply message retrieved from said memory. An exemplary claim chart is attached hereto as Exhibit F.

55. Verizon has had actual notice of the '643 Patent and the infringement alleged herein since at least the filing of this action.

56. Verizon is liable for infringement of the '643 Patent and Verizon's infringement has been and continues to be willful in nature since at least the filing of this action.

57. Cedarwood has incurred and will continue to incur substantial damages, including monetary damages as a result of the infringement of the '643 Patent.

58. Cedarwood further has been and continues to be irreparably harmed by Verizon's infringement of the '643 Patent.

59. Therefore, Cedarwood is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Cedarwood prays that a judgment be entered in favor of Cedarwood and against Verizon, and that Cedarwood be granted the following relief:

(i) A finding that Verizon has infringed one or more claims of the Asserted Patents;

(ii)    An award of damages sufficient to compensate Cedarwood for Verizon's infringement of the Asserted Patents pursuant to 35 U.S.C. § 284;

(iii)   An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(iv)    A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgement is entered;

(v)     Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(vi)    An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case pursuant to 35 U.S.C. § 285;

(vii)   An order enjoining Verizon, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the Asserted Patents for their remaining life; and

(viii)  Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Cedarwood demands a trial by jury on all issues so triable in this action.

Dated: May 6, 2026

Respectfully Submitted,

*/Nicholas Najera/*
Hao Ni
Texas Bar. No. 24047205
hni@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, Texas 75231
972-331-4602
972-314-0900 (fax)

Attorneys for Plaintiff Cedarwood Ventures, Inc.